BRUCE D. CELEBREZZE, State Bar No. 102181
*bruce.celebrezze@clydeco.us*
BRIAN D. HARRISON, State Bar No. 157123
*brian.harrison@clydeco.us*
J.A. TAYLOR MEEHAN, State Bar No. 298581
*taylor.meehan@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone:   (415) 365-9800
Facsimile:    (415) 365-9801

Attorneys for Defendant
EVEREST NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF SOUTHERN CALIFORNIA, N.A., a California corporation; SOUTHERN CALIFORNIA BANCORP, a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE COMPANY, a corporation; DOES 1 through 20, inclusive<br><br>Defendants. | Case No. **'22CV737   GPC RBB**<br><br>[Removed from San Diego County Superior Court Case No. 37-2022-00015277-CU-IC-CTL]<br><br>**DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1441(b) (Diversity)]** |

PLEASE TAKE NOTICE THAT defendant Everest National Insurance Company ("Everest"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal, based on diversity of citizenship, to effect the removal of the above-captioned case, Case No. 37-2022-00015277-CU-IC-CTL, from the Superior

Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. Removal is proper for the following reasons:

## BACKGROUND

1. On April 25, 2022, plaintiffs Bank of Southern California, N.A. ("SoCal Bank") and Southern California Bancorp ("SoCal Bancorp") (collectively referred to herein as "Plaintiffs") filed a complaint bearing Case No. 37-2022-00015277-CU-IC-CTL in the Superior Court of the State of California for the County of San Diego (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached as Exhibit A to the Declaration of J.A. Taylor Meehan filed concurrently with this document ("Meehan Decl.").

2. The Complaint alleges causes of action against Everest for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing (bad faith), (3) specific performance, and (4) declaratory relief (duty to defend).

3. On April 26, 2022, the San Diego Superior Court issued a Summons to be served on Everest. A true and correct copy of the Summons is attached as Exhibit B to the Meehan Decl. Everest was subsequently served with a copy of the Summons and Complaint in the State Court Action. Plaintiffs have not filed a Service of Process Transmittal Cover Sheet in the State Court Action that identifies the date of service. As such, Everest is filing its Notice of Removal within thirty days from the date the State Court Action was filed.

4. Along with the Summons and Complaint, Plaintiffs also served a Civil Case Cover Sheet and Notice of Case Assignment and Case Management Conference. A true and correct copy of the Civil Case Cover Sheet is attached as Exhibit C to the Meehan Decl., and a true and correct copy of the Notice of Case Assignment and Case Management Conference is attached as Exhibit D to the Meehan Decl.

5. The Superior Court assigned the case to Judge Richard S. Whitney and a civil case management conference was set for October 7, 2022.

6. Everest has not filed an answer or other responsive pleading, or otherwise appeared, in the State Court Action.

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely because it is filed within thirty days of the date the summons and complaint was served. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## GROUNDS FOR REMOVAL

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiffs on the one hand, and Everest on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and removal is appropriate pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

9. Diversity of citizenship exists when a suit is between citizens of different States. 28 U.S.C. § 1332(a). A corporation is a citizen of every State in which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz v. Friend,* 559 U.S. 77, 95-96 (2010).

10. Plaintiff SoCal Bank alleges in its Complaint that it is, and at the time of the filing of the Complaint was, a corporation organized and existing under the laws of the State of California and transacting business within California. *See* Meehan Decl., ¶ 9; and Exhibit A, ¶ 2. Currently, and at the time of the filing of the Complaint, according to Statements of Information provided to the California Secretary of State, plaintiff SoCal Bank maintains its principal place of business in San Diego, California. *See* Meehan Decl., ¶ 9; and Exhibit E.

11. Plaintiff SoCal Bancorp alleges in its Complaint that it is, and at the time of the filing of the Complaint, was a corporation organized and existing under the laws of the State of California and transacting business within California. *See* Meehan Decl., ¶ 10; and Exhibit A, ¶ 3. Currently, and at the time of the filing of the Complaint, according to Statements of Information provided to the California Secretary of State, plaintiff SoCal Bancorp maintains its principal place of business in San Diego, California. *See* Meehan Decl., ¶ 10; and Exhibit F.

12. According to the records of the Delaware Secretary of State and National Association of Insurance Commissioners, defendant Everest is, and at the time of the filing of the Complaint, was a corporation incorporated under the laws of the State of Delaware. Everest maintains its principal place of business in New Jersey. *Hertz v. Friend,* 559 U.S. 77, 95-96 (2010). *See* Meehan Decl., ¶ 11; and Exhibits G, H.

13. The residence and citizenship of fictitious and unknown defendants should be ignored for the purpose of establishing removal jurisdiction. 28 U.S.C. § 1441(b); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the potential citizenship of Does 1-20 does not deprive this Court of jurisdiction.

14. Because Plaintiffs and Everest are citizens of different States, there is complete diversity of citizenship for jurisdictional purposes.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(2) and (3) because this is a civil action in which the subject matter jurisdiction is founded only on diversity of citizenship and is brought in a judicial district in which each defendant is subject to personal jurisdiction.

## AMOUNT IN CONTROVERSY

16. Although Everest disagrees that there is liability in the first instance or that Plaintiffs sustained damages in any amount, the amount in controversy exceeds $75,000 exclusive of interest and costs:

a. Plaintiffs' complaint seeks insurance policy benefits under a Directors & Officers Liability policy issued by Everest to Plaintiffs. Plaintiffs contend that Everest wrongfully denied its obligation to reimburse Plaintiffs for the defense fees and costs incurred by individual defendants, who are current SoCal Bank employees, in the underlying action entitled *PacWest Bancorp, et al., v. David I. Rainer, et al.,* Los Angeles County Superior Court, Case No. 20STCV46002 (the "*PacWest* action"). Plaintiffs assert that, as a result of Everest's alleged breach of contract, Plaintiffs have incurred in excess of $400,000 in defending the individual defendants in the *PacWest* action. *See* Meehan Decl., Exhibit A at ¶¶, 77, 107, 112. Plaintiffs seek this amount from Everest in this action.

b. Plaintiffs also seek attorneys' fees for pursuing insurance policy benefits (*See* Meehan Decl., Exhibit A at Prayer, ¶ 3) based upon *Brandt v. Superior Court,* 37 Cal. 3d 813, 815 (1985), which provides that "[w]hen an insurer tortiously withholds benefits" due under a policy, the insureds' "attorneys' fees, reasonably incurred to compel payment of the policy benefits" are recoverable as an element of damages. As an element of damages, a plaintiff's claim for attorneys' fees is used to determine the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

c. Plaintiffs also seek punitive damages (*See* Meehan Decl., Exhibit A at ¶¶ 99, and Prayer, at ¶ 2.d.), which are included in determining whether the amount in controversy exceeds $75,000. *See Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.,* 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

17. Although Everest denies that Plaintiffs are entitled to recover policy benefits or other damages in any amount, based upon the above referenced facts, the aggregate value of Plaintiffs' claims and damages sought is well in excess of $75,000. Moreover, and as set forth by the U.S. Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014), "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Here, Plaintiffs allege that the amount in controversy exceeds $400,000, at a minimum.

18. As a result, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## CONCLUSION

19. Removal is proper in this case because Everest has established that (1) the defendant is completely diverse from Plaintiffs; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441(b).

## ADDITIONAL PROCEDURAL MATTERS

20. Everest has filed this Notice of Removal within thirty days of Receipt of the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

21. There are no pending cases related to the State Court Action.

22. Upon filing this Notice of Removal, Everest will provide written notification to all parties, and will file a Notice to Adverse Party of Removal to Federal Court with the Clerk of the Court for the San Diego County Superior Court. *See* Meehan Decl., ¶ 12.

23. Copies of all process, pleadings, and orders from the State Action are being filed with this Notice. *See* Exhibits A-D to the Meehan Declaration.

24. For these reasons, this action may be removed to this Court under 28

U.S.C. §§ 1441 and 1446.

Dated: May 23, 2022    CLYDE & CO US LLP

By:   */s/ Taylor Meehan*
BRUCE D. CELEBREZZE
BRIAN D. HARRISON
J.A. TAYLOR MEEHAN
Attorneys for Defendant
EVEREST NATIONAL INSURANCE COMPANY
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 365-9800