UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF SOUTHERN CALIFORNIA, N.A., a California corporation; SOUTHERN CALIFORNIA BANCORP, a California corporation,<br><br>                                    Plaintiffs,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE COMPANY, a corporation; DOES 1 through 20, inclusive,<br><br>                                    Defendants. | Case No.:  22-CV-00737-GPC-RBB<br><br>**ORDER GRANTING DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S MOTION TO DISMISS THE THIRD CAUSE OF ACTION AND WITH LEAVE TO AMEND**<br><br>[Dkt. No. 3.] |

Presently before the Court is Defendant's motion to dismiss with prejudice the third cause of action for specific performance under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 3.) Plaintiffs filed an opposition and Defendant replied. (Dkt. Nos. 6, 7.) For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss the third cause of action under Rule 12(b)(6) with prejudice but GRANTS Plaintiffs leave to file an amended complaint.

/ / /

/ / /

**PROCEDURAL BACKGROUND**

On April 25, 2022, Plaintiffs Bank of Southern California, N.A. ("SoCal Bank") and Southern California Bancorp ("SoCal Bancorp") (collectively "Plaintiffs") filed a complaint in the Superior Court of the State of California for the County of San Diego against Defendant Everest National Insurance Company ("Defendant" or "Everest"). (Dkt. No. 1-2, Compl.)  The complaint alleges four causes of action for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) specific performance; and (4) declaratory relief. (*Id.*)  Defendant removed the case to this Court on May 23, 2022. (*Id.*)  On May 31, 2022, Defendant filed the instant motion to dismiss the third cause of action for specific performance which is fully briefed. (Dkt. Nos. 3, 6, 8.)

**FACTUAL BACKGROUND**

**A.    The Insurance Policy**

According to the complaint, around July 1, 2018, Defendant issued a Directors & Officers Liability Insurance Policy No. 8100002727-181 (the "Policy") to Plaintiffs with a policy period of July 1, 2018, to July 1, 2021. (Dkt. No. 1-2, Compl. ¶ 21.)  The Policy is a claims-made policy with aggregate limits of $11 million, which includes defense fees and costs. (Dkt. No. 1-2, Compl., Ex. A, Policy at 24.[1])  SoCal Bank is the named insured. (*Id.* at 24.)  "Insured Person, either in singular or plural, means any past, present, or future director, member of the board of trustees, officer, Employee, honorary or advisory director, or honorary or advisory member of the board of trustees of the Company." (*Id.*, Policy § 4 at 29.)  Company includes SoCal Bank and and any subsidiary in existence during the Policy Period which includes SoCal Bancorp. (*Id.*, Policy, § IV at 28.)

---

[1] Page numbers are based on the CM/ECF pagination.

The Policy includes coverage, with a limit of $5,000,000, for Insured Persons Liability, (Coverage A), Company Indemnification, (Coverage B), and a limit of $4,000,000 for an additional Broad Form Company Liability Coverage ("BFCL"). (*Id.* at 25.) Under Coverage A, "[t]he Insurer will pay on behalf of the Insured Persons, Loss resulting from Claims first made during the Policy Period or the Discovery Period against the Insured Persons for Wrongful Acts for which the Insured Persons are legally obligated to pay, except for Loss the Company pays as indemnification." (*Id.*, Policy § 1(A) at 26.) Under Coverage B, "[t]he Insurer will pay on behalf of the Company, Loss resulting from Claims first made during the Policy Period or the Discovery Period against the Insured Persons for Wrongful Acts for which the Company has agreed to or is legally permitted or required by law to indemnify the Insured Persons." (*Id.*, Policy § 1(B).) Therefore, the Policy extends coverage to the SoCal Bank's obligation to defend and indemnify its directors and officers as "Insured Persons" under Coverage B.

The Policy also includes an additional Broad Form Liability Coverage which provides that the "Insurer will pay on behalf of the Company, Loss resulting from Claims first made during the Policy Period or Discovery Period against the Company for which the Company is legally obligated to pay for Wrongful Acts." (*Id.*, Policy at 72.)

The Policy further provides that "[i]t shall be the duty of the Insured and not the duty of the Insurer to defend Claims." (Dkt. No. 1-2, Compl., Ex. A, Policy at 24; 36.) This is a duty to reimburse policy and not a duty to defend policy.

The Policy also provides, concerning the advancement of defense costs, that "[s]ubject to Section IX, the Insurer, if requested by the Insured, shall advance covered Defense Costs on a current basis, except when advancement of Defense Costs is prohibited by law or regulation. The Insured shall repay any advanced Defense Costs to the Insurer in the event it is established that the Insurer has no liability under this Policy for such Defense Costs." (*Id.*, Policy § VIII(B)(1) at 36.) Section IX's allocation provision states, "[t]he Insurer and the Insured agree to use their best efforts to reach a

proper allocation of Defense Costs. If the Insured and the Insurer cannot agree on an allocation: (1) no presumption as to allocation shall exist in any arbitration, suit or other proceeding; (2) the Insurer shall advance on a current basis Defense Costs which the Insurer believes to be covered under this Policy until a different allocation is negotiated, arbitrated or judicially determined . . . ." (*Id.*, Policy § IX(B).)

## B. The Underlying *PacWest* Action

During the Policy Period, on December 1, 2020, PacWest Bancorp ("PacWest") and Pacific Western Bank ("PacWest Bank") (collectively "PacWest") filed a complaint in the Los Angeles County Superior Court against David I. Rainer, a former executive, for systematically and illegally raiding their employees and clients, ("*PacWest* Action"). (Dkt. No. 1-2, Compl., Ex. C at 195.)  The operative third amended complaint filed on April 1, 2022 named David I. Rainer ("Rainer"), Richard Hernandez ("Hernandez"), Diana Remington Smithson ("Smithson"), SoCal Bank, SoCal Bancorp as defendants. (*Id.*)  PacWest asserts that Rainer was aided and abetted in the wholesale assault on PacWest by his new employer SoCal Bank and its holding company, SoCal Bancorp as well as by former PacWest Bank Executive Vice President, Hernandez; and former PacWest Bank Senior Vice President, Regional Manager, Smithson, who both joined Rainer at SoCal Bank. (*Id*. at 196.)  PacWest argues that because of Defendants' actions, thirty PacWest Bank's employees left PacWest Bank to join Rainer, Hernandez and Smithson (collectively "Individual Defendants") at SoCal Bank, "bringing with them millions of dollars in client deposits and loans." (*Id*.)  Around December 2020, Rainer, Hernandez, and Smithson retained defense counsel at Kendall Brill & Kelly LLP ("KBK") to defend against the allegations in the *PacWest* Action. (*Id*. ¶ 59.)

## C. Everest's Coverage Position

Around June 2021, Plaintiffs timely tendered the *PacWest* Action to Everest. (*Id.* ¶ 60.)  On June 17, 2021, ABA Insurance Services, Inc. ("ABA"), "expressly acting on behalf of Everest as claims administrator with respect to the Claim, acknowledged receipt

4

of the Claim" and agreed to reimburse defense costs of SoCal Bank under the Policy and consented to Plaintiffs' retention of Jenner & Block as SoCal Bank's defense counsel, but it stated at the same time that "a definitive coverage analysis is not possible until the allegations set form in the Claim have been fully resolved." (*Id*. ¶ 62.)

Around July 2, 2021, SoCal Bank requested defense and indemnity from Defendant for the defense fees and costs it was incurring defending Rainer in the *PacWest* Action. (*Id*. ¶ 63.) On September 10, 2021, Everest denied coverage for Rainer's defense on the basis that the breaches and tortious conduct alleged against him were not committed in the discharge of his duties while acting "solely in the capacity" as an Insured Person of SoCal Bank. (*Id*. ¶ 64.) Everest also stated that Rainer "allegedly committed the conduct complained of prior to even joining SoCal Bank as Chairman of the Board." (*Id*.) On October 5, 2021, Plaintiffs requested Defendant to reconsider its position and provide a response by October 19, 2021. (*Id*. ¶ 66.)

On October 26, 2021, Plaintiffs tendered the request for defense and indemnity of Hernandez and Smithson under the Policy and requested that Defendants provide a response by November 10, 2021. (*Id*. ¶ 67.) On December 10, 2021, Everest reaffirmed that the claims against SoCal Bank "are covered" and repeated the contention that "a definitive coverage analysis is not possible until the allegations set form in the Claim have been fully resolved." (*Id*. ¶ 68.) On December 16, 2021, Everest reaffirmed its denial of coverage for defense fees and costs incurred by SoCal Bank in the defense of Rainer, contending that Rainer has not requested Everest to "defend or indemnify" him and that the denial of coverage for Rainer did not rely on the fact that all of the alleged conduct took place before Rainer joined SoCal Bank. (*Id*. ¶ 69.) On December 30, 2021, Everest declined any coverage obligation owed to SoCal Bank in the defense of Hernandez and Smithson in the *PacWest* Action, arguing that the allegations of wrongful conduct "relate prominently to conduct allegedly engaged in" while the respective employees were still employed by PacWest." (*Id*. ¶ 70.)

A mediation in the *PacWest* Action was scheduled on February 25, 2022. (*Id.* ¶¶ 73, 74.) On February 24, 2022, Everest maintained that it would contribute only a small percentage toward any settlement and expected Plaintiffs to fund the majority of any settlement. (*Id.* ¶ 73.) A settlement was not reached at the February 25, 2022 mediation. (*Id.* ¶ 75.) Plaintiffs agreed to defend and indemnify Rainer, Hernandez and Smithson in the *PacWest* Action since the claims include conduct while they were acting solely in their capacity of employees of So Cal. Bank. (*Id.* ¶ 76.) To date, Plaintiffs have paid more than $400,000 in defense fees and costs toward the defense of the Individual Defendants in the *PacWest* Action and Defendants continue to refuse to reconsider its denial of a defense and of covered owed for the Insureds defense of the Individual Defendants. (*Id.* ¶ 77.)

## DISCUSSION

**A.   Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *al Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, leave to amend should be granted " 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.' " *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## B.   Third Cause of Action - Specific Performance

Defendant moves to dismiss the cause of action for specific performance arguing it is not a valid cause of action under California law. (Dkt. No. 3-1 at 9.) Plaintiffs, however, contend, without providing binding or persuasive authority, that "under California law, specific performance is a viable cause of action when an insurer's ongoing defense obligation is at issue." (Dkt. No. 6 at 12.) They also claim, without any convincing legal authority[2], that there is no bar on asserting specific performance as a cause of action where the predicate facts for breach of contract are sufficiently plead. (Dkt. No. 6 at 16.)

---

[2] In fact, the one Ninth Circuit case they rely on does not support their position but instead references specific performance as a "well-recognized remedy." (Dkt. No. 6 at 16 (citing *Goodyear Tire & Rubber Co. of Akron, Ohio v. Miller*, 22 F.2d 353, 355 (9th Cir. 1927).)

7

The third cause of action seeks specific performance alleging that Plaintiffs have been insured by Everest under the Policy, and that Everest has received adequate consideration for the Policy. (Dkt. No. 1-2, Compl. ¶¶ 101-02.) Plaintiffs assert that the Policy requires Everest to provide an immediate and contemporaneous reimbursement and to indemnify Plaintiffs for the fees and costs incurred in the defense of Individual Defendants in the *PacWest* Action and Everest has breached their contractual obligations by failing to do so. (*Id.* ¶¶ 103-05.) Plaintiffs further allege they will be irreparably harmed by Defendant's failure to provide them timely and contemporaneous reimbursement of defense costs and fees of the Individual Defendants. (*Id.* ¶ 106.) As such, Plaintiffs contend that they "have no adequate remedy at law in that they will be deprived of the benefits defendants promised to provide by accepting the significant premiums under the Policy." (*Id.*)

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *In re Cnty. of Orange*, 784 F.3d 520, 523-24 (9th Cir. 2015) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Because the Court's jurisdiction is based on diversity, California substantive law applies.

"[U]nder California law, specific performance is a remedy for breach of contract, not an independent claim." *Griffin v. Green Tree Serv., LLC*, 166 F. Supp. 3d 1030, 1055 (C.D. Cal. 2015); *see also Guidiville Rancheria of Calif. v. United States*, 5 F. Supp. 3d 1142, 1159 (N.D. Cal. 2013) ("Specific performance is a contract remedy derivative of Plaintiffs' breach of contract claim, rather than a separate cause of action"); *Gardner v. RSM & A Foreclosure Servs., LLC.*, No. 12-CV-2666-JAM-AC, 2013 WL 1129392, at *4 (E.D. Cal. Mar. 18, 2013) ("insofar as [specific performance] has been pled as a distinct cause of action, it is dismissed with prejudice."); *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1360 n. 2 (2010) ("specific performance and injunctive relief are equitable remedies and not causes of action for injuries."). In *Griffin*, the district court granted the

defendants' request to dismiss with prejudice the specific performance claim because it is a remedy, not a cause of action. *Griffin*, 166 F. Supp. 3d at 1055. Because specific performance is a remedy, the *Griffin* court suggested that the plaintiff "may include a request for specific performance as a remedy in any restated breach of contract claim and in the prayer, but she may not replead a separate specific performance claim." *Id.*; *see Rogers v. Davis,* 28 Cal. App. 4th 1215, 1217 n. 2 (1994) ("Legally, plaintiffs had but one cause of action, for breach of contract. Specific performance and damages are simply alternative *remedies* for breach of contract").

In this case, Plaintiffs' third cause of action for specific performance is a remedy for breach of contract and not an independent cause of action. Plaintiffs do not provide any supportive legal authority to the contrary. Therefore, the Court GRANTS Defendant's motion to dismiss the third cause of action with prejudice. However, Plaintiffs may plead damages in the alternative. Fed. R. Civ. P. 8(a)(3) ("a demand for the relief sought, which may include relief in the alternative or different types of relief."); Fed. R. Civ. P. 8(d) (permitting alternative statements of a claim or defense). Thus, the Court GRANTS Plaintiffs leave to amend if they wish to allege specific performance as an alternative remedy to the breach of contract claim.

Alternatively, Defendant argues that even if specific performance was a cause of action, it fails as a matter of law because Plaintiffs have other adequate remedies at law. (Dkt. No. 3-1 at 11.) It contends that if Plaintiffs prevail on the breach of contract claim, they are then entitled to recover the costs and fees expended by Plaintiffs in defending the Individual Defendants in the *PacWest* Action which is the same remedy as what is sought for specific performance. Nonetheless, Defendant acknowledge that if Plaintiffs prevail on the breach of contract claim, and if the damages do not compensate them for the breach, "specific performance under the Policy would be available as a remedy." (*Id.* at 12.) Plaintiffs disagree arguing that the insurer has a duty to advance defense costs on a

"current basis" as the fees are being incurred and provide a "service."[3] (Dkt. No. 6 at 17-18.)   They argue that a future lump sum payment to satisfy its duty to reimburse would eviscerate the "service" to be provided by Everest.  (*Id.* at 18.)

"The availability of the remedy of specific performance" requires the following: "[a] showing by plaintiff of (1) the inadequacy of his legal remedy; (2) an underlying contract that is both reasonable and supported by adequate consideration; (3) the existence of a mutuality of remedies; (4) contractual terms which are sufficiently definite to enable the court to know what it is to enforce; and (5) a substantial similarity of the requested performance to that promised in the contract." *Tamarind Lithography Workshop, Inc. v. Sanders*, 143 Cal. App. 3d 571, 575 (1983).

At the pleading stage, the Court looks at only if Plaintiff has sufficiently alleged the requirements for specific performance.  *See JPMorgan Chase Bank, N.A. v. Paramount Residential Mortg. Grp., Inc*., Case No. EDCV 13–00471–JGB (SPx), 2013 WL 12133894, at *5 (C.D. Cal. May 30, 2013) (denying motion to strike request for specific performance explaining that at "the pleading stage, the Court is not in a position to determine whether an adequate remedy at law exists.").  While Defendant argues that specific performance fails as a matter of law, it also agrees that specific performance can be plead in the alternative.

Because the Court grants dismissal of specific performance as a cause of action, and has granted Plaintiffs leave to amend, the Court DENIES Defendant's alternative argument that specific performance fails as a matter of law as moot.

---

[3] Plaintiffs' argument that Defendant is providing a "service" relies on caselaw concerning a duty to defend, and not a duty to reimburse.  (Dkt. No. 6 at 12.)  However, precedent makes clear that a duty to defend and a duty to reimburse are separate and distinct.  *See Gon v. First State Ins. Co*., 871 F.2d 863, 867-68 (9th Cir. 1989) (noting distinction between duty to defend and duty to pay defense expenses); *Crawford v. Weather Shield Mfg. Inc*., 44 Cal. 4th 541, 557-58 (2008) (duty to defend is "distinct and separate from contractual obligation to pay an indemnitee's defense costs").  Plaintiffs have not shown that a duty to reimburse is a "service" provided by the insurer.  Moreover, Plaintiffs' reliance on Couch on Insurance 3d, § 202:37 addresses fee reimbursement for independent counsel under a duty to defend policy and is also not supportive of their position.

## CONCLUSION

Based on the above, the Court GRANTS Defendant's motion to dismiss the third cause of action for specific performance with prejudice and GRANTS Plaintiffs leave to file an amended complaint to add specific performance as an alternative remedy for the breach of contract cause of action. Plaintiffs may file an amended complaint within 7 days of the Court's Order. If Plaintiffs do not file an amended complaint, Defendant shall file an answer within 21 days of the Court's order. The hearing date set on August 26, 2022 shall be **vacated**.

**IT IS SO ORDERED.**

Dated: August 23, 2022

Hon. Gonzalo P. Curiel
United States District Judge